# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CR-4052-BCW-5 |
| | ) | |
| SEAN ALLEN GUTHRIE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

The defendant, by consent, appeared before the undersigned on April 28, 2020 and pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Local Rule 72(c)(1)(j), and 28 U.S.C. § 636, has entered a plea of guilty to Count 3 of the Second Superseding Indictment. After cautioning and examining the defendant, under oath, in accordance with the requirements of Rule 11, it was determined that the guilty plea was knowledgeable and voluntary, and that the offense to which the defendant has plead guilty is supported by a factual basis for each of the essential elements of the offense.

For the proceeding, the prosecutor, defense counsel, and judge all appeared by video teleconference. The defendant was in the Cole County Jail and appeared by video teleconference. The defendant consented to appearing by video teleconference, and both he and his lawyer explained they had discussed the matter. His image and voice were clear, and I confirmed he could see and hear myself and the lawyers clearly. At one point, defense counsel was unable to hear or speak. After a brief delay, it was determined that her headset failed and she continued by using the computer audio to listen and speak without further issues.

I proceeded via video teleconference because, during the national emergency created by the novel coronavirus, the defendant could not be physically present without seriously jeopardizing public health and safety. See the Court's April 20, 2020 Superseding General Order (implementing Coronavirus Aid, Relief, and Economic Security Act, H.R. 748 ["CARES Act"], and March 27, 2020, action by Judicial Conference authorizing video teleconferencing under

certain circumstances). I did not postpone the plea because defense counsel contended, and I found, delay of the plea would cause serious harm to the interests of justice.

IT IS, THEREFORE, RECOMMENDED that the plea of guilty be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly.

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
United States Magistrate Judge

April 28, 2020
Jefferson City, Missouri